592 F. Supp. 1338

MELAMINE CHEMICALS, INC., PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 80-6-00878

Before RESTANI, *Judge.*

(Decided August 8, 1984)

*Baker & McKenzie (Bruce E. Clubb* and *Ava A. Zydor* on the briefs), for plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch and *Francis J. Sailer* on the briefs), for defendant.

RESTANI, *Judge:* This action is before this court for further decision on plaintiff's motion for review of administrative determination and defendant's cross-motion, following reversal of this court's previous opinion on these motions. *Melamine Chemicals, Inc.* v. *United States,* 5 CIT 116, Slip Op. 83-21 (March 25, 1983), *rev'd,* 732 F.2d 924 (Fed. Cir. 1984). [1]

This dispute arises out of an amendment of a final determination of the United States Department of Commerce International Trade Administration ("ITA"). 45 Fed. Reg. 29619 (May 5, 1980). After making a final determination that sales of melamine from the Netherlands were being made at less than fair value ("LTFV"), 45 Fed. Reg. 20152 (March 27, 1980), the ITA amended its decision and found that no LTFV sales existed. [2] The ITA determined that in its

---

(1) revenue from imports or tonnage;
(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
(4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.

[22] *See* footnote 13, *supra.*

[23] *See* footnote 21, *supra* (§ 1581(i) (2)).

[1] Plaintiff has requested that the court make this further determination. Defendant asserts that all undecided issues were necessarily impliedly decided and that no remand has been made, therefore this action is *res judicata.* The parties' views were expressed orally and in filings in the related case, *Melamine Chemicals, Inc.* v. *United States,* Nos. 80-6-00879 and 80-6-00880.

Although it did not specifically order remand, the Court of Appeals for the Federal Circuit ("CAFC") did not order dismissal. Rather, it noted that this court had not addressed two issues and that those issues were not before the CAFC. The CAFC decision when read as a whole appears to require a disposition by this court of the remaining issues.

[2] A more detailed procedural history is contained in the previous opinions in this action, cited above.

original determination it had not properly applied 19 C.F.R. § 353.56(b) [3] concerning calculation of exchange rates during periods of rate fluctuation.

In this action, plaintiff challenges the amended determination on three grounds. First, it argues that the ITA had no authority to amend its decision. Second, it alleges that it was deprived of due process because of procedural irregularities during ITA's reconsideration of its determination. Third, it alleges that the exchange rate regulation as applied is in conflict with statutory authority. It was the third issue that was addressed by this court and that issue has been finally decided by the CAFC. It is the first two issues that have not been addressed directly until now.

In regard to the first issue the court finds that the ITA may amend a determination to correct a manifest error. *Gilmore Steel Corporation* v. *United States,* 7 CIT 219, Slip Op. 84–45 (April 23, 1984). Although the error in *Gilmore* was in the nature of a jurisdictional defect, the rule of *Gilmore* applies to all errors of inadvertence or mistake. We note, as did the court in *Gilmore,* that one case on which plaintiff strongly relies, *Babcock & Wilcox Co.* v. *United States,* 2 CIT 74, 521 F. Supp. 479 (1981), *vacated as moot,* 4 CIT 3 (1982), has no precedential effect.

Also, the court finds that 19 U.S.C. § 1675(b) (1982) [4] does not bar reconsideration. That statute specifically addresses the procedures to be followed if "changed circumstances" occur. It is clear from the legislative history that Congress was concerned with external changed circumstances which may occasion review of ITA determinations, not immediately discovered internal mistakes. *See* H.R. Rep. 4537, 96th Cong., 1st Sess. 71–72 (1979); S. Rep. 246, 96th Cong., 1st Sess. 79–80 (1979). In addition, if § 1675(b) were applicable here, mistakes and errors of the type at issue would constitute "good cause" for redetermination. 19 U.S.C. § 1675(b)(2).

---

[3] 19 C.F.R. § 353.56, Conversion of Currencies, reads in part:

(b) Special rules for fair value investigations. For purposes of fair value investigations, manufacturers, exporters, and importers concerned will be expected to act within a reasonable period of time to take into account price differences resulting from sustained changes in prevailing exchange rates. Where prices under consideration are affected by temporary exchange rate fluctuations, no differences between the prices being compared resulting solely from such exchange rate fluctuations will be taken into account in fair value investigations.

ITA's specific "mistake" was failing to apply a 90-day lag rule for determining prices which its predecessor had used when prices were "affected by temporary exchange rate fluctuations."

[4] 19 U.S.C. § 1675(b) reads as follows:

Reviews upon information or request.—

(1) In general.—Whenever the administering authority or the Commission receives information concerning, or a request for the review of, an agreement accepted under section 1671c or 1673c of this title or an affirmative determination made under section 1671c(h)(2), 1671d(a), 1671d(b), 1673c(h)(2), 1673d(a), or 1673d(b) of this title, which shows changed circumstances sufficient to warrant a review of such determination, it shall conduct such a review after publishing notice of the review in the Federal Register. In reviewing its determination under section 1671c(h)(2) or 1673c(h)(2) of this title, the Commission shall consider whether, in the light of changed circumstances, an agreement accepted under section 1671c(c) or 1673c(c) of this title continues to eliminate completely the injurious effects of imports of the merchandise.

(2) Limitation on period for review.—In the absence of good cause shown—

(A) the Commission may not review a determination under section 1671d(b) or 1673d(b) of this title, and

(B) the administering authority may not review a determination under section 1671d(a) or 1673d(a) of this title, or the suspension of an investigation suspended under section 1671c or 1673c of this title,

less than 24 months after the date of publication of notice of that determination or suspension.

The reference in *dicta* to § 1675(b) at footnote 18 of this court's opinion in *Royal Business Machines* v. *United States,* 1 CIT 80, 85, 507 F.Supp. 1007, 1014 (1980), *aff'd,* 69 CCPA 106, 669 F.2d 692 (1982) is not relevant, *inter alia,* because that case did not involve the type of mistake or inadvertenace at issue here. Similarly, plaintiff's reliance on *United States* v. *Seatrain Lines,* 329 U.S. 424 (1947), concerning an improper amendment, based on a policy change, to an Interstate Commerce Commission ("ICC") determination, is misplaced. *Compare American Trucking Association* v. *Frisco,* 358 U.S. 133 (1958) (holding that the ICC has inherent authority to correct its own mistakes). This is not a case of an amendment of an agency determination because of a change in external circumstances or a change in policy. The amended final determination makes it quite clear that the ITA failed to apply a precedent it considered to be directly on point. In fact, the ITA admits its mistake was due to new time limits on its actions and the change which had just occurred in jurisdiction over these determinations. Rather than changing policy, the ITA was attempting to apply existing policy and precedent.

Plaintiff argues that application of the precedent was discretionary and Commerce made a new discretionary assessment which plaintiff claims is prohibited. But, there is no room for dispute on the issue of the existence of temporarily fluctuating exchange rates. *See Melamine Chemicals, Inc.* v. *United States,* 732 F.2d at 933. The existence of such fluctuations makes 19 C.F.R. § 353.56(b) applicable. This involves no discretionary considerations. The formulation of a 90-day lag rule as a way of giving an appropriate amount of time for the adjustment of foreign prices was discretionary. However, application of the agency's own overlooked precedent in a situation in which it appears clearly applicable, although the precedent resulted from discretionary considerations, still constitutes correction of an inadvertence or mistake.

The next issue is whether during the process of reconsideration of the ITA determination, plaintiff was denied due process. The parties disagree as to whether plaintiff has due process rights and what remedies are available to plaintiff in the event due process was not afforded. The court need not address those issues because it finds that the procedural irregularities which did occur were not prejudicial to plaintiff. *See John V. Carr & Son, Inc.* v. *United States,* 69 Cust. Ct. 78, 347 F.Supp. 1390 (1972), *aff'd,* 61 CCPA 52, 496 F.2d 1225 (1974).

The ITA did err by not immediately providing plaintiff with documents relating to the request for reconsideration as required by 19 C.F.R. § 353.46(a) (1983).[5] But many of the documents were

---

[5] 19 C.F.R. § 353.46(a) reads:
    (a) *Submission of information and written views.* Except in situations where it would be manifestly unjust, any information or written views submitted in connection with a proceeding shall be considered only if received within the time established by these regulations or by specific instructions applicable to any request

purely procedural, and the ITA, in an effort to correct its error, provided plaintiff with the core of the missing documents in advance of the amended final determination. The brief filed by plaintiff during the reconsideration proceedings indicates that plaintiff was adequately apprised of the information which led to the amended determination prior to its issuance. Furthermore, although the ITA failed in the first instance to apply the relevant precedent, the whole exchange rate controversy was not a new issue in the proceedings. In light of this lack of surprise, there is no significant effect to the short time between the service of the new documents and plaintiff's opportunity to be heard orally and in writing.

The other aspect of plaintiff's due process claim is an assertion that the ITA did not comply with 19 U.S.C. § 1677f(a)(3) (1982) [6] and 19 C.F.R. 353.26 (1983) [7] requiring the recording of certain *ex parte* contacts. It appears that eventually all *ex parte* contacts were recorded, but apparently not in time for plaintiff to have notice of them before its final submission concerning reconsideration. Examination of the record shows that the only substantive discussions that occurred were between interested parties and lower level agency employees, not covered by the statute and regulations. The contacts with covered officials were so nonsubstantive that plaintiff could not have been injured by failure to timely record such contacts. Therefore, if belated recording resulted in technical violations of the statute or regulations, plaintiff was not thereby prejudiced.

For these reasons judgment is granted defendant and this action is dismissed.

---

for information; and information or written views received after such time shall not be considered in the proceeding. Any written views intended to be considered in connection with a proceeding shall be submitted on letter-size paper, double spaced, in at least 10 copies, to the Secretary, Attention: Assistant Secretary for Trade Administration, Room 3826, Department of Commerce, Washington, D.C. 20230. Except when the Secretary determines it will be unduly burdensome to the party to the proceeding, in which case the Secretary shall effect the service, a copy shall also be served at the same time, by mail or personal service, on counsel for each party to the proceeding as of the date of such filing, or if not represented by counsel, then the person designated for such purpose by the party. A certificate of such service shall accompany any such filing.

[6] 19 U.S.C. 1677f, Access to information, reads in part:
  (a) Information generally made available.—

  •       •       •       •       •       •       •

  (3) Ex parte meetings.—The administering authority and the Commission shall maintain a record of ex parte meetings between—
    (A) interested parties or other persons providing factual information in connection with an investigation, and
    (B) the person charged with making the determination, and any person charged with making a final recommendation to that person, in connection with that investigation.
The record of the ex parte meeting shall include the identity of the persons present at the meeting, the date, time, and place of the meeting, and a summary of the matters discussed or submitted. The record of the ex parte meeting shall be included in the record of the proceeding.

[7] 19 C.F.R. § 353.26, Ex parte meetings, reads:
  A written memorandum will be prepared of any *ex parte* meeting between (a) any interested party or other person providing factual information relating to a determination in the proceeding and (b) the person to whom the authority to make determinations under the Act has been delegated (the Assistant Secretary for Trade Administration) or the person making a final recommendation for decision to such person (the Deputy Assistant Secretary for Import Administration). Such memorandum shall be prepared as expeditiously as possible. It shall be included in the official record. The memorandum of such *ex parte* meeting shall include the date, time and place of the meeting, the identity of all persons present, and a non-confidential summary of the matters discussed or then submitted. Normally this memorandum shall be prepared by one of the Government participants at the meeting. If the Assistant Secretary or Deputy Assistant Secretary directs that the memorandum be prepared by a non-government participant, the Assistant Secretary or Deputy Assistant Secretary (whichever directs preparation by a non-government participant) shall act expeditiously to approve and include in the record such memorandum.