The UNITED STATES, Plaintiff,

· v.

PRIORITY PRODUCTS, INC., Walter L. Huss and Rosalie E. Huss, Defendants.

Court No. 84–9–01311.

United States Court of International Trade.

Aug. 5, 1985.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, and Platte B. Moring, III, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Ronald Brent Boutwell for defendants.

**Opinion and Order**

RESTANI, Judge:

This matter is before the court on defendants' Rule 12(c) motion for judgment on the pleadings and defendants' Rule 56(b) motion for summary judgment. For the reasons that follow, both motions are denied.

On February 26, 1985, the United States filed the amended complaint at issue against Priority Products, Inc., Walter L. Huss and Rosalie E. Huss. The United States is seeking to recover penalties stemming from the alleged fraudulent or negligent importation of bark tea into Portland, Oregon, after the tea was refused entry in San Francisco, California. Defendants' motions request first, that Walter L. Huss and Rosalie E. Huss (the individual defendants) be dismissed from this action because they were not individually named as the subjects of the penalty notices and second, that the amount of the damages be limited to the administratively determined mitigated amount.

Priority Products was incorporated on March 4, 1982, with Walter L. Huss as fifty percent shareholder and chairman of the board, Jack Meligan as fifty percent shareholder and president, and Rosalie E. Huss as secretary and agent. The corporation had no other directors, officers, or employ-

ees. On November 1, 1982, Mr. and Mrs. Huss became the sole shareholders of Priority Products and Mr. Meligan severed his relationship with the corporation.

On October 1, 1982, the United States Customs Service (Customs) sent a prepenalty notice to "Priority Products Corp." indicating a potential claim for a monetary penalty stemming from the September 3, 1982, importation of bark tea. On October 28, 1982, Walter L. Huss and Rosalie E. Huss attended a meeting with the district director regarding the prepenalty notice. On the same day, Walter L. Huss sent a letter acknowledging and summarizing the meeting which was signed "Walter L. Huss, President." On April 19, 1983, a summons to appear and produce records was issued to "Walter L. Huss." Walter L. Huss responded by appearing in person on May 4, 1983, and by submitting a statement signed by "Walter Huss." On May 17, 1983, Customs issued a penalty notice to "Priority Products" and mailed a cover letter to "Walter L. Huss, President, Priority Products, Inc." On August 9, 1983, Walter L. Huss filed a petition for relief. Customs responded by letter to "Priority Products, attention Walter L. Huss" on January 30, 1984, and notified him of the referral of the matter to Customs headquarters for review and determination.

On April 10, 1984, Customs further advised Walter Huss that the penalty amount had been mitigated, that payment must be made within 60 days, and that failure to pay the mitigated penalty would result in referral of the case to the Department of Justice for institution of judicial proceedings. The mitigated penalties were not paid, but on June 11, 1984, Walter L. Huss filed a "criminal complaint and affidavit of information."

Defendants argue that Customs must follow the prepenalty notice and penalty claim procedures specified in 19 U.S.C. § 1592 (1982) which result in the establishment of a penalty claim, in order to commence a lawsuit. Defendants contend that Customs followed § 1592 procedures and established an existing claim against the corporate defendant, but that Customs did not establish an existing claim against the individual defendants. Defendants assert that because Customs did not follow prescribed statutory notice procedures, the individual defendants' due process rights were violated.[1]

Section 1592 provides penalties for fraudulent, grossly negligent and negligent acts committed during the importation of merchandise into the United States, procedures for imposing such penalties, and *de novo* review of such penalty claims in the Court of International Trade. Corresponding regulations are found at 19 C.F.R. §§ 162.31, 162.77, 162.78, 162.79, and 171.32. There is nothing in the statute or regulations which expressly provides that suit is precluded against persons not notified and formally named as the subject of the claim during the penalty investigation. Whether the statute implicitly bestows such protections need not be decided given the facts of this case. Nothing here deprived the individual defendants of any statutory or regulatory rights to administrative review. The individual defendants took advantage of their rights by responding in person and by letter to the prepenalty notice and the summons and by petitioning for mitigation of the assessed penalties.[2]

Assuming *arguendo* that the statute and regulations provide for formal notice to a party as a prerequisite to suit, "cases recognize that even if the agency has not given notice in the statutorily prescribed fashion, actual notice will render the error harmless." *Small Refiner Lead Phase-down Task Force v. United States Environmental Protection Agency,* 705 F.2d 506, 549 (D.C.Cir.1983). Procedural irregularities in administrative proceedings

---

**1.** Inasmuch as defendants will receive a trial *de novo* before imposition of any monetary penalties, the focus of this opinion is defendants' statutory, rather than constitutional, right of appropriate process.

**2.** Defendants apparently responded to the mitigation decision by filing a "criminal complaint and affidavit of information" in district court.

must be prejudicial to a party in order to justify judicial intervention. *Melamine Chemicals, Inc. v. United States*, 7 CIT ——, 592 F.Supp. 1338, 1341–42 (1984); *American Motorists Insurance Co. v. United States*, 5 CIT 33, 43 (1983); *see John V. Carr & Son, Inc. v. United States*, 69 Cust.Ct. 78, 87, C.D. 4377, 347 F.Supp. 1390, 1397 (1972), *aff'd*, 61 CCPA 52, 496 F.2d 1225 (1974). Here, the issues of whether or not notices should have been sent to the individual defendants under the statute or regulations and whether or not they should have been formally named as the persons owing the penalties are not dispositive. Under the facts of this case, actual notice was received by all defendants and the formal notices sent to Priority Products, and evidently received by Mr. and Mrs. Huss, gave sufficient information to lead a reasonable person to believe that Mr. and Mrs. Huss might be subject to suit in their individual capacities. Thus, no prejudice has been shown by the failure of Customs to adhere to any technical requirement which may be found in the statute or regulations.

■ The defendants have also moved to limit the plaintiff's monetary claim to the amount of the mitigated penalty. Section 1592(e)(1) (1982) clearly states that all issues, including the amount of the penalty, shall be tried *de novo*. Thus, the court ruled at oral argument that the amount of penalty would not be limited to the mitigated amount and the full claimed amount would be an issue at trial.

For the above reasons, defendants' motion for judgment on the pleadings and defendants' motion for summary judgment are denied.