UNITED STATES of America, Plaintiff,

v.

VALLEY STEEL PRODUCTS COMPANY and Valley Industries, Inc., Defendants.

Court No. 88–08–00686.

United States Court of International Trade.

Jan. 11, 1990.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice (Platte B. Moring, III), Washington, D.C., of counsel: Kathleen L. Bucholtz, Asst. Regional Counsel, Chicago, Ill., U.S. Customs Service, for plaintiff.

Guilfoil, Petzall & Shoemake (Jim J. Shoemake and Kurt S. Odenwald), St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

TSOUCALAS, Judge:

This case is before the Court on defendants' motion to dismiss the complaint on the ground of double jeopardy. The complaint alleges defendants imported forty-three entries of steel products into the United States in violation of 19 U.S.C. § 1592 (1988), and seeks to recover maximum penalties allowed under the statute.

1. VSPC, a United States fabricator and supplier of steel, is a wholly-owned subsidiary of Valley

Defendants argue that in light of the punishment the defendants sustained in a prior criminal prosecution in connection with the same conduct, a civil penalty in the amount the Government demands would violate the Double Jeopardy Clause's prohibition against multiple punishments. Specifically, the defendants assert that the Government's demand for the maximum relief "is not rationally related to the goal of making the Government whole, and is so extreme and divorced from the Government's damages and expenses so as to constitute punishment, the imposition of which would violate the defendants' double jeopardy protections." Defendants' Memorandum in Support of Motion to Dismiss at 2.

### Background

On October 8, 1986, defendant Valley Steel Products Company (VSPC)[1] was criminally charged in the United States District Court for the Eastern District of Missouri with conspiracy to violate certain statutes, 18 U.S.C. §§ 542, 1001, 1341, and 1343, and 19 U.S.C. §§ 1481, 1485, 1592, and 1673–1677, in violation of the general criminal conspiracy statute, 18 U.S.C. § 371, which prohibits "conspir[acy] either to commit any offense against the United States, or to defraud the United States, or any agency thereof." The criminal information alleged that VSPC conspired to defraud the United States in the importation of forty-three entries of steel products into the United States by submitting to the United States Customs Service entry documents with material false and fraudulent statements and omissions of material fact. The Government sought to prove that VSPC failed to disclose the payment of rebates or refunds on the imported steel products, thereby inflating their reported prices, in order to circumvent the Trigger Price Mechanism. Under the Mechanism, the prices of imported steel products are monitored to detect dumping: if steel was sold below "the trigger price," an antidumping duty investigation could be initiated.

Industries, Inc.

1358

Defendant pleaded *nolo contendere* to the criminal information. On November 14, 1986, the District Court sentenced the defendant and imposed a criminal fine of $10,000. Judgment and Probation/Commitment Order, Exhibit A, Plaintiff's Opposition to Defendants' Motion to Dismiss the Complaint.

Thereafter, on August 26, 1988, the Government brought the present action in this Court against VSPC and its parent company, Valley Industries, Inc., under 19 U.S.C. § 1592. Subsection (a) of the statute provides for civil sanction against "[a] person [who], by fraud, gross negligence, or negligence ... enter[s], introduce[s], or attempt[s] to enter or introduce any merchandise into the commerce of the United States by means of" material false statements or omissions of material fact. Liability may be found "[w]ithout regard to whether the United States is or may be deprived of all or a portion of any lawful duty."

The remedial provision of the statute, 19 U.S.C. § 1592(c)(1), states: "A fraudulent violation of [the statute] is punishable by a civil penalty in an amount not to exceed the domestic value of the merchandise." The standards for the remaining alternative counts of liability are:

(2) Gross negligence

A grossly negligent violation of subsection (a) of this section is punishable by a civil penalty in an amount not to exceed—

(A) the lesser of—

(i) the domestic value of the merchandise, or

(ii) four times the lawful duties of which the United States is or may be deprived, or

(B) if the violation did not affect the assessment of duties, 40 percent of the dutiable value of the merchandise.

(3) Negligence

A negligent violation of subsection (a) of this section is punishable by a civil penalty in an amount not to exceed—

(A) the lesser of—

(i) the domestic value of the merchandise, or

(ii) two times the lawful duties of which the United States is or may be deprived, or

(B) if the violation did not affect the assessment of duties, 20 percent of the dutiable value of the merchandise.

The Government has prayed in the alternative for recovery of the maximum penalty permitted for each of the three levels of liability set forth in 19 U.S.C. § 1592. Therefore, the Government seeks, in the case of fraud, civil damages in the amount of $13,452,479.00, which represents the total domestic value of the imported merchandise. If gross negligence is found, the Government prays for a recovery of $4,014,584.00, or forty percent of the dutiable value of the forty-three consumption entries of steel in question. Alternatively, in case of negligence, the Government requests $2,007,292.00, which reflects twenty percent of the dutiable value of the subject merchandise.

Discussion

The Double Jeopardy Clause prohibits multiple punishments for the same conduct. *See, e.g., North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). In general, there is no double jeopardy in the civil enforcement of a remedial sanction. *See e.g., Helvering v. Mitchell*, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938); *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943); *Rex Trailer Co. v. United States*, 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149 (1956). In *United States v. Halper*, — U.S. —, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), the Supreme Court determined that "in a particular case a civil penalty authorized by the [statute] may be so extreme and so divorced from the Government's damages and expenses as to constitute punishment." *Id.* 109 S.Ct. at 1898. A penalty assessed in a civil proceeding qualifies as "punishment" when "a defendant who already has been punished in a criminal prosecution [is] subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." *Id.* at 1902. Ap-

plying this rule to the facts in *Halper*,[2] the Supreme Court concluded that the Double Jeopardy Clause was violated.

Defendants argue that a similar conclusion must be reached in this case, because "[t]he facts of this case fall squarely within those facts discussed in *Halper*, and involve the very same injustices which *Halper* sought to address." Defendants' Memorandum in Support of Motion to Dismiss at 7–8.

In the Court's opinion, the defendants have overread the applicability of *Halper* to civil recovery actions brought under 19 U.S.C. § 1592. What the Supreme Court announced in *Halper* was "a rule for the rare case, ... where a *fixed-penalty provision* subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused." *Id.* at 1902 (emphasis added). With a fixed penalty provision, it is possible to reasonably anticipate whether a civil sanction, when imposed, "is so divorced from any remedial goal that it constitutes 'punishment' for the purpose of double jeopardy analysis." *Id.* at 1899. Unlike the situation in *Halper*, the remedial formula authorized under 19 U.S.C. § 1592 does not fix a civil penalty; rather, it establishes the maximum penalty which is the domestic or dutiable value of the merchandise, and gives the Court discretionary authority to determine the size of such penalty. Therefore, the rule in *Halper* cannot serve as the basis for dismissing this action; the amount of civil penalty remains to be assigned by the Court consistent with its sound discretion.[3]

The remedial scheme under 19 U.S.C. § 1592 is comparable to a form of liquidated damages, the type of sanction for which *Halper* expressed an approval. The Government "may demand compensation according to somewhat imprecise formulas, such as reasonable liquidated damages or a fixed sum plus double damages, without being deemed to have imposed a second punishment for the purpose of double jeopardy analysis." *Halper* at 1900; *see also Helvering v. Mitchell, supra* (collection of deficiency in tax plus a 50% additional amount specified by statute on account of fraud, after acquittal of the criminal charge of tax evasion, does not subject the taxpayer to double jeopardy); *Marcus v. Hess* and *Rex Trailer Co. v. United States, supra* (recovery of $2,000 for each instance of violation of the statute, double damages, and the costs of the suit, is civil in nature and does not violate double jeopardy protections); *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972) (forfeiture of the illegally imported merchandise plus a penalty equal to the value of the merchandise, pursuant to the tariff provision in 19 U.S.C. § 1497, provides a reasonable form of liquidated damages and, therefore, is not barred by the Double Jeopardy Clause).

Penalties under 19 U.S.C. § 1592 serve a remedial purpose and provide a reasonable remedy. *See United States v. Gordon*, 10 CIT 292, 634 F.Supp. 409 (1986); *United States v. Murray*, 5 CIT 102, 561 F.Supp. 448 (1983); *United States v. Alcatex, Inc.*, 328 F.Supp. 129 (S.D.N.Y.1971). While it is obvious the Government sustained an assortment of damages as a result of the defendants' conduct, ascertaining the precise nature and extent of the injuries suffered by the Government in a trade case like the one before the Court, is a particularly difficult task. The defendants are not liable for antidumping duties, but they could have been subjected to the duties had they not engaged in the unlawful conduct

---

**2.** In *Halper*, the defendant submitted inflated medicare claims on 65 occasions, demanding reimbursement at the rate of $12 per claim when only $3 was reimbursable for each claim. Defendant was convicted of 65 counts of submitting false claims in violation of the criminal false-claims statute, 18 U.S.C. § 287, and sentenced to imprisonment for two years and fined $5,000. The Government subsequently brought an action against Halper under the civil False Claims Act, 31 U.S.C. §§ 3729–3731, which authorizes a mandatory "civil penalty of $2,000, an amount equal to 2 times the amount of damages

the Government sustains, because of the act of that person and costs of the civil action." § 3729. The Act thus commanded a penalty of more than $130,000 from the defendant.

**3.** Because the Court's opinion on this issue, which corresponds with the Government's position, disposes of the present motion, the Court does not discern the necessity of addressing the Government's three other rebuttal arguments for denying the motion.

with which they have been charged. In addition to absorbing the cost of investigating and prosecuting the matter, the Government suffers diffuse harm from trade, economic, and foreign policy repercussions due to defendants' conduct.[4] "This kind of damage, [is] not the less real for being difficult or impossible to measure." *United States v. Alcatex, Inc.*, 328 F.Supp. at 133. It is the function of liquidated damages to provide recovery "when damages are uncertain in nature or amount or are unmeasurable." *Rex Trailer Co. v. United States*, 350 U.S. at 153, 76 S.Ct. at 222 (quoting *Priebe & Sons v. United States*, 332 U.S. 407, 411, 68 S.Ct. 123, 125, 92 L.Ed. 32 (1947)). Under the circumstances, the penalties under 19 U.S.C. § 1592 provide a reasonable measure of compensation for anticipated loss.

### Conclusion

This action, which was brought to recover civil penalties under 19 U.S.C. § 1592, does not violate the Double Jeopardy Clause. Therefore, the defendants' motion to dismiss the complaint on the ground of double jeopardy is denied.

---

4. Some of the adverse consequences identified by the Government are: (1) frustrating the development of foreign economic trade policy and the negotiation of trade agreements; (2) impeding the development of trade assistance programs and implementation of trade remedies; (3) injuring the domestic industry which lead to expenditure of public funds on unemployment compensation, to reduction in the Government's revenue from corporate and individual income taxes, etc. Plaintiff's Opposition to Defendants' Motion to Dismiss at 31, n. 31.