**UNITED STATES, Plaintiff,**

v.

**VALLEY STEEL PRODUCTS COMPANY and Valley Industries, Inc., Defendants.**

**Court No. 88–08–00686.**

United States Court of International Trade.

June 7, 1991.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice (A. David Lafer, Sr. Trial Counsel); of counsel: Kathleen L. Bucholtz, Deputy Regional Counsel, U.S. Customs Service, for plaintiff.

Guilfoil Petzall & Shoemake (Jim J. Shoemake and Kurt S. Odenwald), for defendants.

## MEMORANDUM OPINION

TSOUCALAS, Judge:

Defendants, Valley Steel Products Company and Valley Industries, Inc. (collectively "Valley"), move to strike the Government's request for relief and seek a determination in advance of trial that the Government may not recover a penalty greater than that which is reasonably calculated to make it whole.

The underlying action involves an attempt by the United States to recover approximately $13 million in civil penalties from defendants pursuant to section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (1988), for false and fraudulent statements, acts and/or omissions, which defendants made, or aided and abetted, in connection with forty-three consumption entries of steel products.

Valley asserts first that, since section 592 is remedial in nature, "the government is not entitled to recover a penalty that is greater than any loss of revenue proven by the government and its costs in this ac-

tion." *Memorandum in Support of Motion to Strike Plaintiff's Request for Relief* at 6. This argument is remarkably similar to one propounded by defendants and rejected by the Court in *United States v. Valley Steel Prods. Co.*, 14 CIT ——, 729 F.Supp. 1356 (1990). There the defendants alleged that the Government's effort to extract civil penalties under section 1592 violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because defendants had already been subject to criminal sanctions for the same acts.

■ In rejecting defendants' claims, the court stated that, where a civil penalty is not fixed by statute, serves a remedial purpose and provides a reasonable remedy, it was not a violation of the Double Jeopardy Clause to impose civil as well as criminal penalties. *Id.* at ——, 729 F.Supp. at 1359. The court added that the statute did not lose its remedial nature because of the difficulty in ascertaining the precise monetary loss suffered by the Government. It was sufficient that the cost of investigating and prosecuting the case, as well as the "diffuse harm from trade, economic, and foreign policy repercussions" had damaged the Government. *Id.* at ——, 729 F.Supp. at 1360. Hence, Valley's argument that the Government is not entitled to a penalty which is greater than the proven loss of revenue is scurrilous at best. The purpose of this penalty is not just to replace lost levies, but to remedy a wrong, whether or not that wrong can be traced to precise revenue losses.[1]

■ Valley also claims that the Government cannot recover civil penalties regarding seventeen of the forty-three entries because it already has recovered sums from Hanwa and Samsung, two firms which sup-

---

1. 19 U.S.C. § 1592(a)(1) provides:
    (1) General Rule.—*Without regard to whether the United States is or may be deprived of all or a portion of any lawful duty thereby,* no person, by fraud, gross negligence, or negligence—
    (A) may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of—

    (i) any document, written or oral statement, or act which is material and false, or
    (ii) any omission which is material, or
    (B) may aid or abet any other person to violate subparagraph (A).
    (Emphasis added.)

plied Valley with steel. Though the allegations regarding Valley relate to the same falsified documents as the allegations against Hanwa and Samsung, the role of Valley was not the same as the role of the others. Hanwa and Samsung were charged with entering merchandise into the United States by means of a false statement or document, while Valley is charged with aiding or abetting Hanwa and Samsung in their illegal acts. Two separate provisions of section 592 are implicated: 19 U.S.C. § 1592(a)(1)(A) and 19 U.S.C. § 1592(a)(1)(B).

In addition, while the Government may not assess multiple penalties for a single violation, Customs is empowered under section 592 "to assess separate penalties for separate violations on the same merchandise." *United States v. F.H. Fenderson, Inc.*, 11 CIT 199, 205, 658 F.Supp. 894, 899 (1987). In *Fenderson*, both the exporter and the customhouse broker were charged with violations of section 592 arising from the same transaction. Defendants there asserted the same defense as Valley, to wit, that Customs had assessed multiple penalties for the same violation. However, the court found that the alleged violations "were the result of separate and distinct acts" where the exporter's violation was presenting invoices containing false statements and the broker's violation was filing entries with incorrect dutiable values. *Id.*

Here, in the seventeen cases in which both Valley and the others were charged, Valley's alleged violation was aiding and abetting Hanwa and Samsung in their illegal acts by participating and assisting in "designing and implementing the plan which enabled its suppliers to submit ... false documents. Valley did this by agreeing to accept and then pay the amounts stated on the falsely inflated invoices provided by its suppliers. Further, Valley established an elaborate mechanism by which it could surreptitiously receive a refund of its overpayments." *Plaintiff's Opposition to Defendants' Motion to Strike Plain-*

*tiff's Request for Relief* at 8. These allegations are separate and distinct from those with which Hanwa and Samsung, as the importers of record, were charged. Therefore, the Court holds that the Government is not barred from attempting to assess penalties against Valley for these acts. Of course, whether the Government can prove its allegations against Valley is a separate issue for the trier of fact.

■ Valley also asserts that if the full amount of relief sought by the Government, over $13 million, is granted, it would constitute an "excessive fine," which is proscribed by the Eighth Amendment. Since the amount claimed by the Government falls within the statutory limit in that it is "an amount not to exceed the domestic value of the merchandise," the Court cannot declare that, as a matter of law, it is excessive. 19 U.S.C. § 1592(c)(1).[2] Moreover, no fine has yet been assessed, and the trial has not even begun. For the Court, at this stage, to suggest what a proper fine might be would be wholly inappropriate and would constitute an unconstitutional advisory opinion. The amount of the penalty to be assessed is within the sound discretion of the Court, but only after a violation of section 592 has been proven. 19 U.S.C. § 1592(e)(1). *See also Valley Steel*, 14 CIT at ——, 729 F.Supp. at 1359. If and when a penalty is assessed, then the issue of whether the penalty is excessive may be raised.

Lastly, defendants assert that the Due Process Clause of the Fifth Amendment precludes the relief requested. Valley cites to a decision of the Supreme Court wherein it was stated that civil penalties come into conflict with the Due Process Clause where they are "so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *St. Louis, Iron Mountain & S. Ry. Co. v. Williams*, 251 U.S. 63, 67, 40 S.Ct. 71, 73, 64 L.Ed. 139 (1919).

■ The penalty claimed by the Government in this case is within the range pre-

2. 19 U.S.C. § 1592(c)(1) provides that: "A fraudulent violation of subsection (a) of this section is punishable by a civil penalty in an amount not to exceed the domestic value of the merchandise."

 

scribed by the statute. 19 U.S.C. § 1592(c)(1). Since defendants have not attacked the constitutionality of the statute itself, and since no trial has been held to determine whether a penalty will be assessed at all, the issue of whether the potential penalty violates the Due Process Clause is not ripe for decision.

Accordingly, defendants' motion to strike plaintiff's request for relief is denied.