**The UNITED STATES, Plaintiff/Appellant,**

v.

**Joseph BLUM and E.C. McAfee & Co., Defendants/Appellees.**

**ST. PAUL FIRE AND MARINE INS. CO., Defendant/Third–Party–Plaintiff/Appellee,**

v.

**INTERNATIONAL CITRUS OF CANADA, INC., and International Citrus of Canada, Ltd., Third–Party Defendants.**

No. 87–1436.

United States Court of Appeals, Federal Circuit.

Sept. 30, 1988.

---

A. David Lafer, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for plaintiff/appellant. With him on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Jeanne E. Davidson. Also on the brief was Martin J. Ward, U.S. Customs Service, of counsel.

James Caffentzis, Fitch, King & Caffentzis, New York City, argued for defendants/appellees.

Leonard L. Rosenberg, Sandler & Travis, P.A., Miami, Fla., argued for defendant/third-party-plaintiff/appellee.

Before FRIEDMAN, SMITH, and MAYER, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

In this international trade case, the United States appeals from the judgment of the United States Court of International Trade in *United States v. Blum*,[1] by which that court dismissed the action for import

duties, pursuant to 19 U.S.C. § 1592(d) (1982), brought by the United States against appellees, E.C. McAfee & Company (McAfee) and against St. Paul Fire and Marine Insurance Company (St. Paul). We reverse.

## Issue

The principal question before this court is whether the Court of International Trade erred, as a matter of law, by holding that the United States, pursuant to 19 U.S.C. § 1592, could not recover under subsection (d) import duties from a party that did not violate the provisions of subsection (a).

## Background

On May 6, 1985, the United States brought an action pursuant to 19 U.S.C. § 1592 in the Court of International Trade against Joseph Blum (Blum), president and controlling officer of International Citrus of Canada, Incorporated, against McAfee, and against St. Paul. That action was brought to enforce both a claim against Blum for civil penalties, and a claim against Blum, McAfee, and St. Paul for lost import duties resulting from alleged conduct by Blum that violated section 1592. The United States' complaint stated that Blum improperly caused orange juice concentrate to be entered into the United States duty-free under item 800.00 of the Tariff Schedules of the United States, whereas the orange juice concentrate was not entitled to duty-free entry. The complaint alleges that, as a result of Blum's improper conduct, the United States incurred an actual loss of import duties amounting to $253,612.60.

On the basis of these factual allegations, counts I, II, and III of the United States' complaint respectively alleged, pursuant to subsection (a), fraud, gross negligence, and negligence on the part of Blum. The United States sought to impose penalties and to recover lost import duties against Blum under subsections (a), (c), and (d). In addition, the United States sought to recover lost import duties under subsection (d)

1. *United States v. Blum,* 660 F. Supp. 975 (Ct.  Int'l Trade 1987).

against McAfee, the importer of record, and against St. Paul, the surety for McAfee. The complaint does not accuse either McAfee or St. Paul of any wrongdoing under subsection (a).

Before the Court of International Trade, both McAfee and St. Paul filed motions to dismiss and for judgment on the pleadings, respectively, taking the position that the United States cannot recover, pursuant to subsection (d), import duties from a party that has not violated subsection (a). The Court of International Trade did dismiss the action against both McAfee and St. Paul, holding that, as a matter of law, subsection (d) does not provide an independent judicial cause of action to recover lost import duties resulting from a violation of subsection (a). As an alternative basis for dismissal, the Court of International Trade held that subsection (d) does not permit the United States to recover lost import duties from parties that have not violated subsection (a). For the reasons set forth below, we hold that the Court of International Trade erred by dismissing the action by the United States against both McAfee and St. Paul.

## Analysis
### Structure and History of Section 1592.

Section 1592 is comprised of five subsections and applies in the event a party either attempts to enter or enters any merchandise into commerce of the United States, and deprives the United States of any lawful duty thereon, by fraud, gross negligence, or negligence. Subsection (a) provides both the general rule of prohibition and an exception to that rule.

(a) Prohibition

    (1) General rule

        Without regard to whether the United States is or may be deprived of all or a portion of any lawful duty thereby, no person, by fraud, gross negligence, or negligence—

        (A) may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of—

        (i) any document, written or oral statement, or act which is material and false, or

        (ii) any omission which is material, or

        (B) may aid or abet any other person to violate subparagraph (A).

    (2) Exception

        Clerical errors or mistakes of fact are not violations of paragraph (1) unless they are part of a pattern of negligent conduct.

Subsection (b) provides the procedures that the United States must follow in pursuing a claim for a monetary penalty resulting from a violation of subsection (a). Subsection (c) provides the maximum penalties that may be imposed for a violation of subsection (a). Subsection (d) provides the United States with a remedy to recover import duties lost as a result of a violation of subsection (a).

(d) Deprivation of lawful duties

    Notwithstanding section 1514 of this title, if the United States has been deprived of lawful duties as a result of a violation of subsection (a) of this section, the appropriate customs officer shall require that such lawful duties be restored, whether or not a monetary penalty is assessed.

Finally, subsection (e) provides guidelines for the burdens of proof and standards of review of the issues in an action brought before the Court of International Trade pursuant to the provisions of section 1592 concerning penalties.

The Court of International Trade analyzed both the plain language and the legislative history of section 1592 in reaching its conclusion to dismiss the action against McAfee and St. Paul and rested its decision on the two alternative grounds set forth above. We disagree with both conclusions.

A. *Subsection (d) Does Provide an Independent Judicial Cause of Action.*

    The Court of International Trade held that subsection (d) is not judicially enforceable and that subsection (d) does not provide the United States with an independent cause of action to collect lost import duties resulting from conduct that vio-

lated subsection (a). Rather, the Court of International Trade concluded that subsection (d) merely provides the United States with authority only to collect lost import duties using the administrative process. We disagree.

The plain language of subsection (d) provides for recovery of lost import duties resulting from a violation of subsection (a). Under this provision, import duties lost as a result of a violation of subsection (a) are recoverable by the United States "whether or not a monetary penalty [pursuant to subsection (a)] is assessed."[2] We hold that such a claim is judicially enforceable pursuant to subsection (d).[3]

The Court of International Trade interprets this statutory provision merely as providing authority for Customs to continue to require the payment of lost duties as a condition of mitigation. Such a limited reading of section 1592 renders subsection (d) nearly meaningless. Under that court's scenario, the United States, via Customs, has the power to order the collection of import duties lost as a result of a violation of subsection (a) but the United States is powerless to judicially enforce such a claim. The statutory language and legislative history of subsection (d) do not provide, and we cannot conceive, any reason for limiting solely to the administrative level the ability of the United States to recover such duties.

B. *Subsection (d) Is A Nonpenalty Provision.*

■ As an alternative basis for dismissal, the Court of International Trade held that subsection (d) does not permit recovery of import duties from "innocent parties," i.e., parties that have not violated subsection (a). That court concluded that restoration of import duties pursuant to subsection (d) is directly contingent upon wrongdoing. We disagree.

The provisions of section 1592 apply in the event a party commits fraud, gross negligence, or negligence in the introduction of merchandise into the United States. The statutory scheme provides the United States with means both (1) to impose a penalty for the improper conduct *and* (2) to recover import duties lost as a result of the improper conduct. Subsection (d) is not a penalty provision; rather, subsection (d) allows the United States to recover lawful duties lost as a result of a violation of subsection (a). Lawful duties are those that would have been collected by the United States but for the violation of subsection (a). We interpret the authority of the United States to seek lost import duties under subsection (d) as not limited to those parties that have violated subsection (a) but as extending to those parties who may have been deemed responsible for the lawful duties had such duties lawfully been imposed.

McAfee and St. Paul argue that the plain language of section 1592 provides that duties referred to in subsection (d) may be demanded by the United States only from a party violating subsection (a). Appellees argue that the type of reasoning supporting a conclusion that the United States may recover lawful duties from an innocent party pursuant to subsection (d) would also support a conclusion that the United States may assess the penalties provided for under subsection (c) against innocent parties. We are not persuaded.

First, section 1592 is entitled "Penalties for fraud, gross negligence, and negligence"; however, that is not to say that each and every subsection of that section is to be characterized as a penalty provision.[4] As previously recognized, section 1592 con-

---

2. 19 U.S.C. § 1592(d).

3. The Court of International Trade, pursuant to subsection (d), repeatedly has accepted subject matter jurisdiction over claims by the United States seeking reimbursement for lost import duties. *See, e.g., United States v. Quintin,* 7 CIT 153 (1984) [available on WESTLAW, 1984 WL 3743]; *United States v. Ross,* 574 F.Supp. 1067, 1068–69, 6 CIT 270 (1983).

4. *See generally Railroad Trainmen v. Baltimore & O.R.R.,* 331 U.S. 519, 528–29, 67 S.Ct. 1387, 1391–92, 91 L.Ed. 1646 (1947) (recognizing that headings and titles of statutes are nothing more than a reference guide and cannot limit the plain meaning of the statutory language).

tains both penalty and nonpenalty provisions. For example, subsection (c) is a penalty provision and, as such, may be applied only against a wrongdoer. In contrast, however, subsection (d) is a nonpenalty provision. Because of its nonpenalty nature, the United States' application of subsection (d) is not limited to those parties that are wrongdoers.

Second, parties that have not violated subsection (a) but traditionally may be liable to the United States for import duties are not "innocent parties" under section 1592. Although such parties may be "innocent" of a subsection (a) violation, these parties, if determined to be liable for import duties, are not "innocent" with respect to subsection (d). Subsection (d) allows the United States to recover duties that would have been paid but-for conduct that violates subsection (a). It follows that subsection (d) provides the United States with a cause of action to recover duties from those parties traditionally liable for such duties, *e.g.*, the importer of record and its surety.

McAfee and St. Paul further argue that the legislative history behind section 1592 reflects the absence of congressional intent to hold sureties and other third parties responsible for duties sought under subsection (d). As support for this argument, they cite legislative history providing that the persons covered and the nature of the offenses set forth in section 1592 are intended to remain the same as they were under the predecessor statutes. We are not persuaded.

Although Congress, in enacting the current version of section 1592, may not have intended to expand from prior law the scope of persons liable for *penalties*, such intent is not relevant with respect to the nonpenalty provisions of section 1592. After a careful review of the limited legislative history, and in view of the arguments and record on appeal, we cannot hold, and there is no indication that Congress intended, that persons traditionally liable for duty payments be exempt under section 1592 from their statutory or contractual obligations.

### Conclusion

In view of the foregoing, we hold that the Court of International Trade erred by dismissing the action pursuant to section 1592(d) against McAfee and St. Paul. Accordingly, we reverse the Court of International Trade's judgment and remand this proceeding to that court for further action in accordance with this decision.

REVERSED AND REMANDED