SLIP OP. 05-138

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| UNITED STATES,<br><br>                  Plaintiff,<br><br>      v.<br><br>AEGIS SECURITY INSURANCE<br>COMPANY,<br><br>                  Defendant. | Before: Jane A. Restani,<br>           Chief Judge<br><br><br>Court No. 05-00276 |

OPINION

[Defendant's motion to dismiss duty collection suit because administrative proceedings are pending is denied.]

Dated: October 24, 2005

Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Mark T. Pittman); Edward Greenwald, Attorney, Bureau of Customs & Border Protection, of counsel, for the plaintiff.

Sandler, Travis & Rosenberg and Glad & Ferguson (T. Randolph Ferguson); Sandler, Travis & Rosenberg, PA (Arthur K. Purcell) for the defendant.

Restani, Chief Judge: This matter is before the court on defendant's motion to dismiss as premature the government's suit to collect duties allegedly owed under 19 U.S.C. § 1592(d) (2000)[1]

---

[1] 19 U.S.C. § 1592(d) reads as follows:

**(d) Deprivation of lawful duties, taxes, or fees**

    Notwithstanding section 1514 of this title, if the United States has been deprived of lawful duties, taxes, or fees as a result of a violation of subsection (a) of this section, the Customs Service shall require that such lawful duties, taxes, and fees be restored, whether or not a monetary penalty is assessed.

from a surety, Aegis Security Insurance Company ("Aegis"), for a violation of 19 U.S.C. § 1592(a)

(2000).[2]

The court has jurisdiction pursuant to 28 U.S.C. § 1582(2) (2000) (suit to recover on a bond

relating to the importation of merchandise). There is no dispute that Aegis is the surety on such a

bond and that suit was filed within the applicable limitations period. In fact, the press of the

limitations period led to filing of the action at this time. See 19 U.S.C. § 1621 (2000) (5-year statute

of limitations for duty collection actions under 19 U.S.C. § 1592(d)).

For purposes of the motion to dismiss, the only relevant fact is undisputed, which is that the

United States has not completed administrative proceedings with respect to penalty claims against

the importer or other persons. The parties here dispute whether such proceedings had been

---

[2] 19 U.S.C. §1592(a) reads as follows:

**(a)  Prohibition**

    **(1) General rule**
        Without regard to whether the United States is or may be deprived of all or a
    portion of any lawful duty, tax, or fee thereby, no person, by fraud, gross negligence,
    or negligence –
        (A) may enter, introduce, or attempt to enter or introduce any merchandise
        into the commerce of the United States by means of –
            (i) any document or electronically transmitted data or information,
            written or oral statement, or act which is material and false, or
            (ii) any omission which is material, or
        (B) may aid or abet any other person to violate subparagraph (A).

    **(2) Exception**
        Clerical errors or mistakes of fact are not violations of paragraph (1) unless they
    are part of a pattern of negligent conduct. The mere nonintentional repetition by an
    electronic system of an initial clerical error does not constitute a pattern of negligent
    conduct.

commenced at the time suit was filed,[3] but it is completion of such proceedings, not commencement or some later stage, that is of concern if exhaustion of such proceedings is a prerequisite to suit, as defendant alleges. Defendant's argument that the importer must have an opportunity to respond to a pre-penalty notice before the government can assert a 19 U.S.C. § 1592(a) violation and a § 1592(d) claim does not stem from either provision. Defendant, rather, infers this to be so from the detailed penalty procedures of 19 U.S.C. § 1592(b) (2000).

With regard to penalty actions by the United States involving the procedures of § 1592(b), the courts have indicated in <u>dicta</u> or suggested by detailed discussion of the issue that such procedures should be exhausted prior to suit. <u>See</u>, <u>e.g.</u>, <u>United States v. Priority Prods., Inc.</u>, 9 CIT 383, 615 F. Supp. 591 (1985); <u>United States v. Action Prods. Int'l, Inc.</u>, 25 CIT 139 (2001); <u>United States v. Maxi Switch, Inc.</u>, 22 CIT 778, 18 F. Supp. 2d 1040 (1998). But in each of these cases sufficient compliance with the statutory procedures was found so that, in fact, no further exhaustion was required as a prerequisite to suit. This, of course, is not a penalty collection action.

In another type of collection case, involving liquidated damages for imported automobiles not meeting emissions standards, the court did dismiss the government's suit against the surety because its administrative protest was unresolved. <u>See</u> <u>United States v. Bavarian Motors, Inc.</u>, 4 CIT 83, 86 (1982). This case is not like <u>Bavarian</u> because, <u>inter alia</u>, Aegis did not protest or even respond to the demand upon it.[4]

Suits under 19 U.S.C. § 1592(d) for duties may proceed whether or not penalties are assessed.

---

[3] By the time of oral argument herein, it was undisputed that the penalty proceedings were well underway.

[4] At oral argument, Aegis conceded demand was made some weeks in advance of suit.

See United States v. Blum, 858 F.2d 1566, 1569–70 (Fed. Cir. 1988). With respect to penalties, Customs has the discretion to mitigate penalties, see 19 U.S.C. § 1592(b)(2) (2000), and to reduce penalties for prior disclosures, see 19 U.S.C. § 1592(c)(4) (2000). On the other hand, section 1592(d) "require[s]" restoration of duties, irrespective of penalty assessment.

The government has alleged a violation of 19 U.S.C. § 1592(a) and loss of duties, which are the essential elements of § 1592(d) liability. It has made demand on the defendant, and defendant has chosen to sit back and wait for suit against it, as is its right. Defendant, however, has cited no statutory or regulatory administrative procedure applicable to simple duty collection, as opposed to penalty assessment, which has not been fulfilled. Accordingly, there appears to be no bar to suit.

As the government has chosen to proceed before the completion of related penalty administrative procedures, as Congress has established a limitations period to prevent stale suits, and as defendant objects, this action will not be stayed.

ACCORDINGLY, defendant's motion to dismiss is denied and this action will proceed. The parties will file a case management plan within 30 days hereof.

                                 /s/ Jane A. Restani
                                    Jane A. Restani
                                    Chief Judge

Dated: New York, New York.

This 24th day of October, 2005.