Slip Op. 06 - 38

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,          :

                    Plaintiff,  :

          v.                      :   Court No. 05-00281

FIRST COAST MEAT AND SEAFOOD, SHAPIRO :
PACKING CO., and FPL FOOD LLC,
                                  :
                    Defendants.
- - - - - - - - - - - - - - - - - - - - x


Opinion & Order

[Defendants' motion to dismiss
 amended complaint granted in part.]

                              Dated:  March 14, 2006


    Peter D. Keisler, Assistant Attorney General; David M. Cohen,
Director, Patricia M. McCarthy, Assistant Director, Commercial
Litigation Branch, Civil Division, U.S. Department of Justice
(David S. Silverbrand); and (Kevin Green) U.S. Customs and Border
Protection, of counsel, for the plaintiff.

    DeKieffer & Horgan (J. Kevin Horgan) and Pelino & Lentz, P.C.
(John W. Pelino, Howard A. Rosenthal and Gary D. Fry) for defend-
ants First Coast Meat and Seafood and Shapiro Packing Co.


          AQUILINO, Senior Judge:  According  to  Black's  Law

Dictionary, p. 453 (5th ed. 1979), the "most usual signification"

of the word *duties* is the

        synonym of imposts or customs; *i.e.* tax on imports; but
        it is sometimes used in a broader sense, as including all
        manner of taxes, charges, or governmental impositions.


Plaintiff's  three-count  amended  complaint  that  has  been  filed

herein pursuant to 19 U.S.C. §1592 and 28 U.S.C. §1582 attempts to

implead the "broader sense", praying, as it does, for antidumping

duties in the amount of $9,507,725.50 (less $100,000 already paid

by defendants' surety), for a civil penalty of $13,596,877.47, and

also for "marking duties" totalling $446,288.00.

Named defendant FPL Food LLC has filed an answer to this

complaint, asserting four affirmative defenses and praying for

dismissal as against it.  The other defendants, First Coast Meat

and Seafood and Shapiro Packing Co., seek the same relief via a

motion to dismiss interposed pursuant to USCIT Rule 12(b)(5) (fail-

ure to state a claim upon which relief can be granted).

I

This motion recognizes, as it must, that the court has to

"take all well-pled factual allegations as true and construe them

in favor of the non-moving party".[1]  On its face, and as dissected

during oral argument, plaintiff's amended complaint is not a

paragon of the art of pleading one's case.  Among other things, it

avers *in haec verba*:

> 1.  This is an action to recover penalties and duties for
> violation of Section 592 of the Tariff Act of 1930, as
> amended[,] 19 U.S.C. §1592.

                              *   *   *

---

[1] Motion of Defendants First Coast Meat & Seafood and Shapiro
Packing Company to Dismiss Amended Complaint for Failure to State
a Claim for Which Relief Can Be Granted [hereinafter referred to
simply as "Defendants' Motion"], p. 1, citing United States v. Ac-
tion Prods. Int'l, Inc., 25 CIT 139 (2001), and Kemet Elecs. Corp.
v. Barshefsky, 21 CIT 912, 976 F.Supp. 1012 (1997).

8.   Between July 15, 1997 and March 2, 1999, Shapiro Packing Company d/b/a[] First Coast Meat & Seafood was the importer of record and attempted to enter or introduce, or caused to be entered or introduced, shipments of freshwater crawfish tail meat into the commerce of the United States by means of entry documents filed with . . . Customs[] under entry numbers 110-68105194, . . . [etc.].

9.   The merchandise described in paragraph 8 was entered and introduced into the commerce of the United States by means of materially false documents, markings, written or oral statements, acts and/or omissions by Shapiro Packing Company d/b/a[] First Coast Meat & Seafood.  Specifically, the entry documents misdescribed the merchandise, provided false entry type codes, falsely marked the merchandise, and failed to identify the true country of origin of the merchandise.

10. Shapiro Packing Company d/b/a[] First Coast Meat & Seafood knew or should have known the correct description of the merchandise, the true country of origin of the merchandise, the correct markings required, the correct entry type code required, and/or that the merchandise was in fact subject to anti-dumping duties.

11.  The false statements, acts, and/or omissions referred to in paragraphs 9 and 10 above were material because they prevented and/or had the potential to prevent Customs from applying the correct dutiable rate to the shipments, thereby causing the United S[t]ates to suffer a loss of revenue of $9,954,013.50.

12.  On or about August 14, 2003, the United States issued penalty notices and duty demand on Shapiro Packing Company d/b/a[] First Coast Meat & Seafood regarding the entries described in paragraph 8 above.

                    *   *   *

14.  Neither Shapiro Packing Company, First Coast Meat & Seafood, FPL Foods, LLC, nor any other entity, has paid the remaining duties owed the United States upon the entries described in paragraph 8 above.

Whereupon count 1 asserts that the

material false statements, acts and/or omissions de-
scribed in paragraphs 9 and 10 above were the result of
gross negligence and/or negligence on the part of
defendants . . . in violation of 19 U.S.C. §1592(a)(1),
which deprived the United States of lawful anti-dumping
duties in the amount of $9,507,725.50.

Amended Complaint, para. 16.  Count 2 repeats this paragraph 16 to

the effect that the defendants are also

liable pursuant to 19 U.S.C. § 1592(c)(1) to plaintiff
for a civil penalty in the amount of $13,596,877.47,
which is equal to the domestic value of the merchandise.

Id., para. 19.  Finally, misnumbered paragraph 19 of count 3

alleges:

As a result of Shapiro Packing Company, First Coast
Meat & Seafood's, and FPL Food LLC's violations of 19
U.S.C. §1592 the merchandise described above in paragraph
8 was entered into the United States in violation of 19
U.S.C. §1304, resulting in the assessment of marking
duties pursuant to 19 U.S.C. §1304(i) for those entries
. . . in the amount of $446,288.

A

The initial thrust of defendants' motion is to dismiss

count 3 on the ground that marking duties cannot be collected under

19 U.S.C. §1592.  This court concurs.

The foregoing complaint, on its face, paragraph 1, seeks

to recover penalties and duties only for violation of section 1592.

Both sides refer to the case Pentax Corp. v. Robison, 125 F.3d 1457

(Fed.Cir. 1997), amended in part on reh'g, 135 F.3d 760 (Fed.Cir.

1998), wherein the court of appeals sought to characterize the

relationship between subsections 1304(f), which has since been relettered (i), and 1592(d). At best, it is clearly tenuous. While both are and have been elements of the Tariff Act of 1930, as amended, section 1304 is a "special" provision in subtitle II, part I of the act, while 1592 is an "enforcement" provision in subtitle III, part V. The subsection of section 1304 now lettered (i) provides for "additional duties" for failure to mark as follows:

> If at the time of importation any article . . . is not marked in accordance with the requirements of this section, . . . there shall be levied, collected, and paid upon such article a duty of 10 per centum ad valorem, which shall be deemed to have accrued at the time of importation, shall not be construed to be penal, and shall not be remitted wholly or in part nor shall payment thereof be avoidable for any cause. Such duty shall be levied, collected, and paid in addition to any other duty imposed by law and whether or not the article is exempt from the payment of ordinary customs duties.

This congressional impost thus stands entirely on its own, and is collectible irrespective of any other duty or reason for payment or nonpayment thereof. Moreover, it shall not be construed to be penal. Ergo, plaintiff's reference to "a ten percent penalty that arose from mismarking the goods"[2] in Pentax is erroneous. Section 1592, on the other hand, does provide for penalties for fraud, gross negligence, and negligence in entering, introducing, or attempting to enter or introduce, any merchandise into the commerce of the United States. Subsection 1592(d) further states that,

> if the United States has been deprived of lawful duties, taxes, or fees as a result of a violation of subsection

---

[2] Plaintiff's Response to Defendants' Motion to Dismiss, p. 3.

> (a) of this section, . . . Customs . . . shall require
> that such lawful duties, taxes, and fees be restored,
> whether or not a monetary penalty is assessed.

The courts have enforced this provision against sureties, for example, which themselves were not part of the requisite violations of subsection (a), e.g., United States v. Blum, 858 F.2d 1566 (Fed. Cir. 1988), United States v. Yuchius Morality Co., 26 CIT 1224 (2002), but such recovery of unpaid lawful duties has not transcended the strictures of section 1592 as enacted, nor is there any indication of congressional intent to the contrary.

In short, as a matter of law, it is impossible for the United States to be deprived of 19 U.S.C. §1304(i) "additional duties" by reason of violation of 19 U.S.C. §1592(a), and notwithstanding that non- or mis-marking of imported merchandise can prove to have been the result of fraud or negligence. See, e.g., United States v. Golden Ship Trading Co., 25 CIT 40, 42-44 (2001). Cf. Pentax Corp. v. Robison, supra.

B

In passing upon a motion to dismiss for failure to state a claim upon which relief can be granted, the allegations of the complaint should be construed favorably to the plaintiff. E.g., Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The second prong of the instant motion of defendants First Coast Meat and Seafood and Shapiro Packing Co. is that potential lost duties may not be

collected under 19 U.S.C. §1592(d).  The motion seeks to dismiss

count 1 of plaintiff's amended complaint on the ground that the

> plain language of Subsection (d) makes clear that it only
> authorizes the collection of duties of which the United
> States "has been deprived," *i.e.*, actual duty losses.  It
> does not authorize the collection of duties of which the
> United States  may  be  deprived,  *i.e.*,  potential  duty
> losses.

Defendants' Motion, pp. 4-5 (emphasis in original).  Further:

> . . . As the Amended Complaint makes no reference to any
> "violation in respect of entries on which liquidation
> [has]  become  final,"  19  C.F.R.  §162.71,  it  does  not
> allege, as to any of the subject entries, an actual loss
> of duties.

Id. at 8 (emphasis again in original).


Whatever defendants' reading of subsection 1592(d)[3],  the

court's required favorable reading of plaintiff's amended complaint

does  not  lead  it  to  concur  in  the  immediate  relief  for  which

--------

[3] But see 19 C.F.R. §162.71(a) (2005):

> *Loss of duties under section 592* . . . means the
> duties of which the Government is or may be deprived by
> reason of the violation and includes both actual and
> potential loss of duties.
>
> (1) *Actual loss of duties* . . . means the duties of
> which the Government has been deprived by reason of the
> violation in respect of entries on which liquidation had
> become final.
>
> (2) *Potential loss of duties* . . . means the duties
> of which the Government tentatively was deprived by
> reason of the violation in respect of entries on which
> liquidation had not become final.

Italics in the original.

defendants' motion prays.  That is, the court concludes that such
a reading of complaint paragraphs 11 and 16 in particular, <u>supra</u>,
effectively undermines the motion to dismiss plaintiff's count 1.[4]

C

Counsel for defendants First Coast Meat and Seafood and
Shapiro Packing Co. have seen fit to present a third prong to their
motion to dismiss, namely, the amended complaint fails to state any
timely claim, including that of count 2.  The bottom line of their
seemingly-carefully-crafted papers, as noted during the oral
argument thereon, is that when

> the Court's consideration is properly limited to the
> facts alleged in the complaint, the complaint is untimely
> on its face and should be dismissed.

Reply of Defendants, p. 5 n. 1.  On its face, there is something to
this position, but the oral argument also indicated that, as a
matter of fact, it may well be unfounded.  Suffice it to report now
that counsel for the defendants did not back away from their
papers' position, which circumstance could therefore prove to be
either well-founded or the basis of a violation of USCIT Rule
11(b).  Whichever, defendants' motion to dismiss this action as

---

[4] The court further notes in passing that, according to amend-
ed complaint paragraphs 13 and 17, defendants' surety has, in fact,
paid $100,000.00 in duties owed and also that such parties in
interest have not necessarily been known for spontaneous satis-
faction of their bonds in matters like this before the Court of
International Trade.

time-barred must be denied at this time, pending joinder of any and all remaining issues and discovery and trial of the facts in connection therewith.

                                   II

        In view of the foregoing, the motion of defendants First Coast Meat and Seafood and Shapiro Packing Co. should be, and it hereby is, granted to the extent that count 3 of plaintiff's amended complaint be, and it hereby is, dismissed.  In all other respects, the said motion is hereby denied.

        Defendants First Coast Meat and Seafood and Shapiro Packing Co. may have until April 3, 2006 to file an answer to the remainder of plaintiff's amended complaint.  Whereupon all of the parties to this action are to confer and present to the court on or before May 1, 2006 a proposed schedule for trial of counts 1 and 2 of that complaint.

        So ordered.

Dated:  New York, New York
        March 14, 2006


                              ___Thomas J. Aquilino, Jr.___
                                    Senior Judge